UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

DAMEN R. LOWE,                                    Case No. 15-cv-425-pp

      Petitioner,

v.

WARDEN MARC CLEMENTS,

      Respondent.

---

## SCREENING AND SCHEDULING ORDER

---

On April 10, 2015, petitioner Damen R. Lowe filed this petition pursuant to 28 U.S.C. §2254, asserting that he was convicted and sentenced in violation of the Wisconsin Constitution and laws and the federal Constitution. A jury convicted the petitioner in Racine County Circuit Court of seven counts relating to sexual assault and harm to a child. The court sentenced him to a total of twelve years of initial confinement, followed by ten years of extended supervision. At the time he filed this petition, he was housed in the Dodge County Correctional Facility; the petition alleges that Marc Clements is the warden of that facility.

Rule 4 of the Rules Governing §2254 Cases in United States Courts requires:

> If it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge

must order the respondent to file an answer, motion, or other response within a fixed time . . . .

Petitioner Lowe raises five grounds for habeas relief: (1) the trial court violated his constitutional right to confront and cross-examine the witnesses against him; (2) his trial counsel was ineffective, violating his constitutional right to effective assistance of counsel; (3) the prosecution violated his Wisconsin and federal constitutional rights by failing to disclose exculpatory evidence; (4) the application of Wisconsin Stat. Ann. §948.025 (providing that juries need not agree on the individual acts that comprise the three predicate acts warranting sentencing as a repeated act of sexual assault) violated his constitutional right to a unanimous jury verdict; and (5) the jury instruction for Repeated Acts of Sexual Assault of a Child unconstitutionally misled the jury.

The petition demonstrates that petitioner Lowe has exhausted his state remedies with regard to these grounds, and the court's screening review indicates that he has not procedurally defaulted. (These conclusions are subject to further review after the parties have fully briefed the issues.) The allegations in the petition are not patently frivolous or speculative. See, e.g., Ray v. Clements, 700 F.3d 993, 996 n.1 (7th Cir. 2012). Accordingly, the court finds it appropriate to order the respondent to answer or otherwise respond to the petition.

The court **ORDERS** that within sixty (60) days of the date of this order, the respondent must either answer the petition or file an appropriate motion seeking dismissal. Either filing must comply with Rule 5 of the Rules

Governing §2254 Cases, and must show cause, if there is any, why the writ should not issue.

The court **ORDERS** that, unless the respondent files a motion to dismiss in lieu of an answer, the parties must abide by the following schedule regarding filing briefs on the merits of petitioner Lowe's claims:

- The petitioner must file his brief in support of his petition within forty-five (45) days of the date the respondent files his answer;

- The respondent must file his brief in opposition within forty-five (45) days of the date the petitioner files his initial brief; and

- If the petitioner wishes to file a reply brief, he must do so within thirty (30) days of the date the respondent files his opposition brief.

If, rather than filing an answer, the respondent files a motion to dismiss, the court will suspend the above briefing schedule, and impose the following one:

- The petitioner must file his brief in opposition to the motion to dismiss within thirty (30) days of the date the motion to dismiss is filed; and

- If the respondent wishes to file a reply brief, he must do so within fifteen (15) days of the date the petitioner files his opposition brief.

Civil Local Rule 7(f) for the Eastern District of Wisconsin applies. Accordingly, briefs in support of or in opposition to the habeas petition, or a dispositive motion filed by the respondent, must not exceed thirty (30) pages. Reply briefs must not exceed fifteen (15) pages. These limits do not count any

caption, cover page, table of contents, table of authorities, and/or signature blocks.

Because the petitioner's documents are filed electronically, the petitioner does not need to mail to counsel for the respondent copies of the documents filed with the court.

Pursuant to Rule 4 of the Rules Governing §2254 Cases, as well as a Memorandum of Understanding between the Wisconsin Department of Justice and the U.S. District Clerk of Court for the Eastern District of Wisconsin, copies of the petition and this order will be sent via a Notice of Electronic Filing[1] ("NEF") to the State of Wisconsin Respondent through the Attorney General for the State of Wisconsin (through the Criminal Appeals Unit Director and lead secretary).[2] The Department of Justice will inform the court within 21 days from the date of the NEF of the names of the respondents on whose behalf the Department will not accept service of process, the reason for not accepting

---

[1] Any documents not scanned in CM/ECF will have to be sent by the Clerk to the Department in hard copy.

[2] County sheriffs, jail administrators or employees, police officers, county employees or federal agencies (such as I.C.E.) are not included and paper copies must be served on the appropriate Corporation Counsel, jail administrator or other such party by the U.S. Marshal's Service.

service for those respondents, and the last known addresses of those respondents. The Department of Justice will provide the pleadings to those respondents on whose behalf they have agreed to accept service of process.

Dated in Milwaukee this ____12th____ day of May, 2015.

BY THE COURT:

_____
HON. PAMELA PEPPER
United States District Court